Pittsburgh, Allegheny & McKees Rocks Railroad Company v. Commissioner.
Pittsburgh v. Commissioner
Docket No. 10846.
United States Tax Court
1947 Tax Ct. Memo LEXIS 139; 6 T.C.M. (CCH) 864; T.C.M. (RIA) 47207; July 16, 1947
Lee W. Eckels, Esq., 2812 Grant Bldg., Pittsburgh, Pa., for the petitioner. Homer F. Benson, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: A deficiency in income tax of $3,535.57 determined against petitioner for the year 1942 is placed in issue by this proceeding. The question is the deductibility of interest on indebtedness owed by petitioner to its parent. [The Facts] All of the facts have been stipulated and are hereby found accordingly. Petitioner filed its income tax return for the instant year with the collector for the twenty-third collection district of Pennsylvania. Since 1936 Pressed Steel Car Company, Inc., has been the sole owner of petitioner's stock. Both corporations have kept their books and filed their tax returns on an accrual basis. *140 In 1937 and 1938 petitioner was indebted to its parent in the principal amount of $180,700. The loan carried interest at 6 percent per annum, payable monthly, and both parties accrued interest on their books amounting to $7,378.60 for 1937 and $2,710.51 for 1938, the former amount being deducted on petitioner's 1937 return, but no corresponding report of income for either year being shown on the parent's tax return. In the year in issue petitioner paid to its parent the two interest items described above, and petitioner deducted and the parent reported on their respective returns the total of $10,089.11 as interest paid. In the same year petitioner was indebted to its parent in the same principal amount at the same interest rate. Interest accrued on the debt and was recorded on the parties' books in the amount of $10,992.61. Petitioner claimed no deduction therefor on its income tax return. Respondent disallowed the claimed deduction on the ground that the items deducted had accrued in 1937 and 1938. [Opinion] As the issue is framed by respondent, it might involve consideration of various aspects of accrual and deductibility. The question as defined by him is only as to the *141 propriety of deducting as interest paid an item which an accrual basis taxpayer had previously accrued. Whether the original obligation was accruable at the time, in view of the obligor's financial condition, see , reversed (C.C.A., 8th Cir.), ; whether the error, if it were such, was subject to later correction - see , affirmed (C.C.A., 7th Cir.), ; - and whether and to what extent section 24(c) (originating in the 1937 Act and applicable to all years involved) affects the susceptibility to deduction as accrued in the earlier year, on the one hand, or paid in the instant year, on the other - see , reversed (C.C.A., 4th Cir.), , are some of the problems that such a controversy might render troublesome. But petitioner urges its position only in the alternative. It points out that if the interest paid in the year before us was deductible in the prior year and hence not a justification for a second deduction, then the interest which is stipulated *142 as accruing presently, and which was not taken as a deduction, should be substituted. The amount is somewhat greater, but petitioner does not on that account seek a refund. And while it is true that petitioner did not rest the claim in its return on this ground, we are not required for that reason to disregard it here. ; . Respondent has made no reply to that proposition, and we see none. It may or may not be that respondent's treatment of the item as interest actually paid was correct. We do not regard that question as requiring the expression of any opinion. For, if correct, the assumption of prior accruability on which it rests would automatically call for approval of petitioner's deduction of an equivalent amount as interest currently accrued. In either event there can be no deficiency resulting from petitioner's treatment of this item. Decision will be entered under Rule 50